# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ZACHARY CASLOW,

              **Plaintiff,**

v.                                   **Case No:   6:16-cv-1297-Orl-31GJK**

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC.,

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

     This cause came on for consideration without oral argument on the following motion filed herein:

---

**MOTION:**    **DEFENDANT'S MOTION TO TAX COSTS (Doc. No. 14)**

**FILED:**    **August 18, 2016**

---

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

---

     On May 20, 2016, Plaintiff file this ERISA action in state court.   Doc. No. 2.   On July 20, 2016, Defendant removed the case to this Court.   Doc. No. 1.   On August 11, 2016, prior to Defendant filing an answer or motion for summary judgment, Plaintiff filed a Notice of Voluntary Dismissal, pursuant to Rule 41(a)(1)(A)(i), Federal Rules of Civil Procedure.   Doc. No. 10.   On August 12, 2016, the Court entered an order directing the case be closed.   Doc. No. 11.

     On August 18, 2016, Defendant filed a Motion to Tax Costs (the "Motion"), seeking to recover the filing fee it paid when it removed the case to this Court.   Doc. No. 14.   Defendant maintains it is a prevailing party, and thus is entitled to recover its costs pursuant to Rule 54(d)(1),

Federal Rules of Civil Procedure.   *Id*. at 2, 6-7. (citing *Bishop v. West Am. Ins. Co.*, 95 F.R.D. 494 (N.D. Ga. 1982); *Anderson v. Christian Hosp. Northeast-Northwest*, 100 F.R.D. 497 (E.D. Mo. 1984); *Western Water, LLC v. Olds*, 184 P.3d 578 (Utah 2008)).   Accordingly, Defendant requests the Court award it $400.00 in costs for the filing fee.   *Id*. at 3.

On August 25, 2016, Plaintiff filed a response in opposition to the Motion.   Doc. No. 15. Plaintiff maintains Defendant is not a prevailing party, because the nature of the dismissal does not constitute relief from the court on the merits of a claim or a judicial *imprimatur* altering the legal relationship between the parties.   *Id*. at 2-6.   Accordingly, Plaintiff argues Defendant is not entitled to an award of costs, and the Motion should be denied.   *Id*. at 7.

A "prevailing party" is generally entitled to recover his or her costs.   Fed. R. Civ. P. 54(d)(1).   A party is a "prevailing party" where: 1) he or she has been awarded "at least some relief on the merits of his claim" by the court; or 2) there is a "judicial *imprimatur* on the change" in the legal relationship between the parties.   *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 605 (2001)).

This action was dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i), Federal Rules of Civil Procedure.   Doc. No. 10; *see* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").   Therefore, this case is distinguishable from the cases Defendant relies on in arguing that it is a prevailing party.   *Bishop*, 95 F.R.D. at 494-96 (dismissing the case without prejudice pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, on the condition that plaintiff pay defendant's reasonable costs); *Anderson*, 100 F.R.D. at 498 (dismissing the case on the eve of trial because plaintiff failed to comply with discovery orders

and granting defendant leave to file bill of costs);[1] *Western Water*, 184 P.3d at 589-90 (finding the state trial court did not err in concluding defendant was a prevailing party pursuant to Rule 54(d)(1), Utah Rules of Civil Procedure, where plaintiff's claim was dismissed for lack of subject matter jurisdiction). The dismissal of this action does not prohibit Plaintiff from refiling the action, did not result in an award of some relief on the merits by the Court, nor does it constitute a judicial *imprimatur* on a change in the legal relationship between the parties, primarily because there has been no change in the legal relationship of the parties. Therefore, the undersigned finds, as have other courts in this Circuit, that a dismissal such as the one in this case does not render Defendant a prevailing party. *Harris v. Captiva Condos., LLC*, Case No. 6:08-cv-210-Orl-28KRS, 2008 WL 4911237, at *2 (M.D. Fla. Nov. 14, 2008); *Williams v. Spanish Trace of Orlando, Ltd.*, Case No. 6:11-cv-1163-Orl-28DAB, 2012 WL 1416413, at *3 (M.D. Fla. Apr. 4, 2012) *report and recommendation adopted*, 2012 WL 1415592 (M.D. Fla. Apr. 24, 2012); *Tidwell v. Krishna Q Invs., LLC*, 935 F. Supp. 2d 1354, 1359-60 (N.D. Ga. 2102); *Cohan v. Belleair Vill., LTD.*, Case No. 8:14-cv-1645-T-30TGW, 2014 WL 5502446, at *1-2 (M.D. Fla. Oct. 30, 2014). As a result, Defendant is not a prevailing party under Rule 54(d)(1), Federal Rules of Civil Procedure, and is not entitled to recover its costs.

Accordingly, it is **RECOMMENDED** the Motion (Doc. No. 14) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[1] It is unclear whether the *Anderson* court dismissed the case pursuant to Rule 41(b), Federal Rules of Civil Procedure, or some other Federal Rule of Civil Procedure, such as Rule 37.

legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R.

3-1.

      Recommended in Orlando, Florida on September 8, 2016.


                                          GREGORY J. KELLY
                            UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy